

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

KHAMAR ROBERTS,

                  Plaintiff,

        -against-

THE CITY OF NEW YORK, Detective JOHN EDGAR,
Lieutenant BARRY BERGER, Detective LORNE
KANOVER, Detective "JOHN" SANTIAGO, Police
Officer PAUL MARTIN, Detective ANTHONY CHOW,
Detective ANDREW PRENDERGAST, Detective
CHRISTOPHER ZEFFIRO, Police Officer VICTOR
MAURO, Detective UC C0098, employees of the New
York City Police Department,

                  Defendants.

-----------------------------------------------------------------------

**COMPLAINT**

**14 CIV. 9544**

JUDGE RAMOS

Jury Trial Demanded

      KHAMAR ROBERTS, by his attorney, Michael R. Scolnick, P.C., alleges the following upon information and belief as his Complaint.

<u>Nature of the Action</u>

    1.    This civil rights action arises from the December 21, 2011 unlawful use of force on, denial of medication to, and arrest and prosecution of Khamar Roberts. Plaintiff seeks compensatory damages from all defendants and punitive damages from the individual defendants for violating his civil rights pursuant to 42 U.S.C. §1983.

<u>Jurisdiction</u>

    2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

### Venue

3.      Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

### Parties

4.      Plaintiff KHAMAR ROBERTS is twenty-nine years of age and resides in the State and City of New York, County of New York.

5.      Plaintiff has had epilepsy since his early teens.

6.      Other than the incident complained of herein, plaintiff had never before been arrested.

7.      Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

8.      Defendant Detective JOHN EDGAR, Shield 7149, Tax ID 91899, was plaintiff's arresting officer and was, at all times relevant, a duly appointed and acting employee of the City of New York and assigned to Brooklyn North Narcotics. He led the investigation resulting in issuance and the December 21, 2011 execution of a search warrant for 1174 Jefferson Avenue in Brooklyn, New York.

9.      Defendant Lieutenant BARRY BERGER was at all times relevant a duly appointed and acting employee of the City of New York and assigned to Brooklyn North Narcotics. He supervised the other individual defendants in the December 21, 2011 execution of a search warrant for 1174 Jefferson Avenue in Brooklyn, New York.

10.     Defendants Detective LORNE KANOVER, Detective "JOHN"
SANTIAGO, Police Officer PAUL MARTIN, Detective ANTHONY CHOW, Detective
ANDREW PRENDERGAST, Detective CHRISTOPHER ZEFFIRO, Police Officer
VICTOR MAURO, and UC C0098, were, at all times relevant, duly appointed and acting
employees of the City of New York and were assigned to Brooklyn North Narcotics.
They participated in the execution of a search warrant at 1174 Jefferson Avenue in
Brooklyn, New York on December 21, 2011.

11.     Defendants EDGAR, BERGER, KANOVER, SANTIAGO, MARTIN,
CHOW, PRENDERGAST, ZEFFIRO, MAURO, and UC C0098 (together, the
"individual defendants") were, at all times relevant, agents, servants and employees
acting within the scope of their employment by defendant City of New York.

12.     At all times relevant, the individual defendants were acting under color
of state law.

### Notice of Claim

13.     On or about January 19, 2012, and within ninety days after claims arose,
plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies
thereof to the person designated by law as a person to whom such claims may be served.

14.     The Notice of Claim was in writing, sworn to by the plaintiff, and
contained the name and post office address of the plaintiff and of his attorney.

15.     The Notice of Claim set out the nature of the claim, the time when, the
place where and manner by which claims arose, and the damages and injuries claimed
to have been sustained.

16.     The New York City Comptroller's office assigned the case claim number
2012PI003378.

17.     On May 2, 2012, plaintiff's testimony was taken pursuant to G.M.L. §50-
h.

18.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

19.     This action was commenced within one year and ninety days after the happening of the event upon which the malicious prosecution claims are based.

## Facts Underlying
## Plaintiff's Claims for Relief

20.     On December 21, 2011 at or around 7:30 p.m., Khamar Roberts was at home - a rented room in the basement of 1174 Jefferson Avenue in Brooklyn.

21.     Three individual defendants, executing a search warrant relating to marijuana sales by another tenant, entered plaintiff's room.

22.     Plaintiff offered no resistance when these three defendants, who plaintiff believes are Edgar, Kanover, and either Zeffiro or Mauro, entered his room.

23.     Plaintiff was thrown to the ground, and the three defendants, or some of them, struck him in the neck and low back as they handcuffed him.

24.     After being handcuffed, Mr. Roberts was taken from his room and seated on the basement floor while individual defendants, among other things, searched Mr. Roberts' room, the other tenant's room, and the basement.

25.     As other individual defendants stood by, a fourth defendant, described as a bald-headed male Caucasian, late twenties or early thirties, approximately 5'3" in height, and weighing 150 pounds, came into the basement and repeatedly kicked Mr. Roberts in the back and legs.

26.     The search of Mr. Roberts' room by individual defendants, including defendant Edgar, yielded no evidence of any criminal activity.

27.     Plaintiff told defendant Edgar and another defendant who was taking plaintiff's photograph that he needed his medication prescribed for epilepsy. Defendant

Edgar, in fact, noted in arrest paperwork finding the prescription medicine during the room search.

28.     The individual defendants, including defendant Edgar, failed and refused to allow Mr. Roberts his medication prescribed for epilepsy.

29.     After approximately forty-five minutes, Mr. Roberts and others arrested were taken to the 83rd Precinct Stationhouse.

30.     While plaintiff was at the Stationhouse, he was strip searched, photographed, and fingerprinted, among other things.

31.     While plaintiff was at the Stationhouse, Mr. Roberts was not given medicine or medical attention.

32.     While plaintiff was at the Stationhouse, individual defendants prepared or allowed to be prepared false police reports accusing Mr. Roberts of possession of the marijuana found during execution of the warrant.

33.     At approximately 4:00 a.m. on December 22, 2011, Mr. Roberts was transported to Brooklyn Central Booking to await arraignment on the charges.

34.     As part of the Central Booking intake process, plaintiff was examined by a nurse.

35.     The nurse told defendant Edgar that plaintiff needed medication for the seizure disorder.

36.     Defendant Edgar took no steps to provide plaintiff with medicine or medical attention despite knowing of plaintiff's serious condition and the need for medication.

37.     Mr. Roberts suffered a seizure before arraignment.

38.     Mr. Roberts' seizure was caused by defendant Edgar's deliberate indifference to plaintiff's serious medical condition.

39.     Plaintiff was taken to SUNY Downstate Medical Center, treated, and returned to Criminal Court for arraignment.

40.     While Mr. Roberts was awaiting arraignment, defendant Edgar caused, and other individual defendants allowed, false statements to be made to the Kings County District Attorney's Office.

41.     The misrepresentations caused plaintiff to be prosecuted under Kings County Criminal Court Docket Number 2011KN100086 on charges of criminal possession of marijuana (P.L. §221.05, §221.10[2],§221.15, and §221.20.)

42.     Plaintiff was arraigned on December 23, 2011, released, and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the charges.

43.     Over the next twenty-three months, Mr. Roberts returned to Court again and again to defend against the charges until he was acquitted at trial on November 26, 2013.

44.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful use of force, arrest, and prosecution.

45.     The individual defendants' acts and omissions caused Mr. Roberts to suffer loss of liberty, physical stress, injury, and pain, a seizure and hospitalization from denial of essential medication, mental and emotional upset and trauma, and deprivation of his constitutional rights, among other injuries.

46.     At all times relevant, in assaulting, arresting, prosecuting, and denying medical care to Mr. Roberts, and offering false evidence to the District Attorney and Criminal Court Judges, the individual defendants acted intentionally, willfully, maliciously, and with reckless disregard and deliberate indifference to Mr. Roberts's rights and well-being.

## FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

47.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

48.     By the actions described above, the individual defendants, or some of them, deprived Mr. Roberts of rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

49.     As a consequence thereof, Khamar Roberts has been injured.

## SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

50.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

51.     By the actions described above, the individual defendants, or some of them, deprived Mr. Roberts of rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

52.     As a consequence thereof, Khamar Roberts has been injured.

## THIRD CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION UNDER THE UNITED STATES CONSTITUTION

53.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

54.     By the conduct described herein, individual defendants are liable to plaintiff under 42 U.S.C. § 1983 for violating his constitutional right to be free from

malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

55. Defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Roberts without probable cause and with actual malice. The prosecution caused Mr. Roberts to be deprived of his liberty. The prosecution terminated in Mr. Roberts' favor.

56. As a consequence thereof, Khamar Roberts has been injured.

### FOURTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

57. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

58. By reason of the foregoing, plaintiff was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in plaintiff's favor.

59. As a consequence thereof, Khamar Roberts has been injured.

### FIFTH CLAIM FOR RELIEF FOR
### DENIAL OF PLAINTIFF'S FAIR TRIAL RIGHTS

60. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

61. Individual defendants created false evidence against plaintiff.

62. Individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

63. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

64. As a consequence thereof, Khamar Roberts has been injured.

### SIXTH CLAIM FOR RELIEF FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

65.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

66.     As described above, individual defendants, or some of them, acted with deliberate indifference to Mr. Roberts' serious medical condition by, among other things, failing to secure necessary and basic treatment for his epilepsy despite awareness of the medical condition.

67.     As a consequence thereof, Khamar Roberts has been injured.

### SEVENTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

68.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

69.     The individual defendants, despite having a reasonable opportunity to prevent, end, or truthfully report the misconduct to which plaintiff was subjected, failed to intervene, thereby violating plaintiffs rights under the United States Constitution.

70.     As a consequence thereof, Khamar Roberts has been injured.

### EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT EDGAR FOR FAILURE TO PROPERLY SUPERVISE

71.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

72.     At all times relevant, defendant Edgar led the investigation resulting in issuance of, and the December 21, 2011 execution of, a search warrant for 1174 Jefferson Avenue in Brooklyn.

73.     Defendant Edgar led and supervised the entry into 1174 Jefferson Avenue, and guided, directed and was responsible for the conduct of other individual defendants participating in plaintiff's arrest.

74.     Defendant Edgar, in addition to participating in the incident, failed to properly supervise his co-workers or to otherwise take action to remedy the wrong done to Mr. Roberts.  Defendant Edgar was grossly negligent in supervising his co-workers by, among other things, failing to properly report upon the incident.

75.     At all times relevant, defendant Berger was a New York City Police Department Lieutenant with supervisory authority over and responsibility for the conduct of the other individual defendants, including the December 21, 2011 execution of a search warrant for 1174 Jefferson Avenue in Brooklyn.

76.     Defendant Berger failed to properly supervise his subordinates or to otherwise take action to remedy the wrong done to the plaintiff.  Defendant Berger was grossly negligent in supervising the other individual defendants by, among other things, failing to properly report upon the incident and failing to take any disciplinary action against the other individual defendants.

77.     As a consequence thereof, Khamar Roberts has been injured.

## NINTH CLAIM FOR RELIEF FOR NEGLIGENCE

78.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

79.     The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to screen, assign, train, supervise, monitor, control, or discipline its law enforcement personnel, including assigning, training, supervising, monitoring, controlling or disciplining individual Police personnel who make false allegations resulting in prosecution, unlawfully arrest, or assault.

80.     The defendant City of New York's failure properly to assign, train, supervise, monitor, or discipline its Police, including the employees involved herein, constitutes acquiescence in and tolerance of false allegations and unlawful prosecutions, arrests, and uses of force, and allowed the individual defendants to believe that they could with impunity abuse, arrest, and prosecute Mr. Roberts.

81.     Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants violate arrestees' and others' constitutional rights and were and are potentially dangerous, as evidenced by the fact that they have been named as defendants in more than two dozen civil rights lawsuits, such as Lopez v. City of New York 14 CV 6008 (EDNY), McNeill v. Jordan, Et Al. 14 CV 2872 (EDNY), Cora v. City of New York 14 CV 2454 (EDNY), Brown v. City of New York 14 CV 838 (EDNY), Peterkin v. City of New York 13 CV 3436 (EDNY), Butler v. City of New York 13 CV 1140 (EDNY), Jackson v. City of New York 13 CV 765 (EDNY), Thomas v. City of New York 12 CV 6272 (EDNY), Peterson v. Goodwin Et Al. 12 CV 6112 (EDNY), Barrow v. City of New York 12 CV 2820 (EDNY), Machado v. City of New York 12 CV 2549 (EDNY), Billips v. City of New York 12 CV 2515 (EDNY), Thompson v. City of New York 12 CV 5510 (EDNY), Hall v. City of New York 12 CV 1822 (EDNY), Cortez v. City of New York 12 CV 964 (EDNY), Clark v. City of New York 12 CV 243 (EDNY), Baxton v. City of New York 11 CV 174 (EDNY), Colon v. City of New York 11 CV 173 (EDNY), Banks v. City of New York 10 CV 383 (EDNY), Orzechowski v. City of New York 10 CV 147 (SDNY), Baxton v. City of New York 09 CV 4819 (EDNY), Khaimov v. City of New York 08 CV 2748 (EDNY), Anderson v. City of New York 06 CV 709 (SDNY), McQueen v. City of New York 05 CV 702 (EDNY), and Boyd v. City of New York 00 CV 3636 (EDNY).

82.     Defendant City's negligence in screening, assigning, training, supervising, monitoring, controlling or disciplining the employees named as defendants herein proximately caused plaintiff's injuries.

83.     As a consequence thereof, Khamar Roberts has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered that Khamar Roberts rights to be free from unreasonable and excessive force, arrest and prosecution under the United States Constitution were violated together with:

(A)     Compensatory damages in an amount to be fixed at trial;

(B)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

(C)     An award to plaintiff of the costs and disbursements herein;

(D)     An award of attorney's fees under 42 U.S.C. §1988;

(E)     Such other and further relief as this Court may deem just and proper.

Dated: December 1, 2014
       Tallman, New York

MICHAEL R. SCOLNICK P.C.
*Attorney for Plaintiff*
P.O. Box 194
Tallman, New York  10982
(845) 354-9339
Fax: (845) 365-1506
e-mail: *scollaw@verizon.net*

By: Michael Scolnick